Nathan R. Starnes (ISB # 7484)
**LITSTER FROST INJURY LAWYERS**
3501 W. Elder Street, Suite 108
Boise, ID 83705
Phone: (208) 489-6400
Fax:     (208) 489-6404

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **SAMUEL HOLT**, individually;<br><br>Plaintiff,<br><br>vs.<br><br>**ADA COUNTY**, an entity of an unknown form:<br><br>Defendant | Case No. 1:18-cv-90<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Category:<br>Fee: |

COMES NOW the Plaintiff, Samuel Holt, by and through Plaintiff's attorneys of record, Litster Frost Injury Lawyers, and complains and alleges against Defendant(s) as follows:

### PARTIES

1.      Plaintiff, Samuel Holt (hereinafter "Plaintiff"), resides in the City of Nampa, County of Canyon, and State of Idaho.

2.      Defendant, Ada County (hereinafter "Defendant County"), was and at all times relevant to this action a government entity and Plaintiff's employer within the meaning of the Idaho Human Rights Act and within the meaning of 42 U.S.C. § 1983.

3.      This Complaint is to be considered a "notice pleading" to Defendants. By this

Complaint the Defendants are provided notice that Plaintiff asserts any and all legal and/or equitable theories and causes of action arising out of, resulting in, implied, and/or inferred from the facts and occurrences as set forth in the Complaint. Further, Plaintiff states that this "notice pleading" also provides notice to Defendants that all legal and equitable remedies applicable under all of the facts and circumstances of this case are sought.

4. In regards to Defendant, Ada County, Plaintiff has complied with the provisions of *Idaho Code* §§ 6-906 and/or 6-906A in that the events herein complained of occurred on or about August 18th 2017. Plaintiff filed her claim with the Ada County Clerk on or about September 26th 2017. Defendant neither approved nor denied the claim, and such silence constitutes a denial.

## JURISDICTION AND VENUE

5. This court has jurisdiction over Plaintiff's federal claims where Ada County violated Plaintiff Holt's Constitutional rights pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this matter pursuant to either 28 U.S.C. § 1343 or 28 U.S.C. § 1331.

6. This court has jurisdiction over the Plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both federal and state law claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

7. The employment practices alleged herein were committed in the District of Idaho, County of Ada and damages exceed $75,000.

8. At all material times hereto, Ada County acted under color of the statutes, customs, ordinances, and policies of the State of Idaho, and Ada County.

9. Venue is proper in the Southern Division of the District of Idaho under 28 U.S.C.

§ 1391(b) and District Local Rule Civ 3.1.

## GENERAL ALLEGATIONS

10. Plaintiff restates herein the allegations contained in paragraphs 1 through 7, above.

11. Plaintiff worked for Defendant Ada County for approximately 5 years.

12. Plaintiff was hired with his felony conviction fully and completely disclosed. Plaintiff's supervisor and HR department were aware that Plaintiff had a past felony conviction.

13. Plaintiff was suddenly and inappropriately terminated from his employment "because he was a felon."

14. Upon information and belief, at the time of Plaintiff's termination, there existed policies and procedures adopted by Ada County that when not complied with stripped Plaintiff of his rights to address his employment concerns in a non-biased and non-retaliatory setting. Such failures to comply with the clear policies and procedures of Ada County, Idaho, and Federal law are in violation of Plaintiff's substantive and procedural due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

15. The standards applied by Ada County to terminate Plaintiff Holt were arbitrarily and capriciously applied. Furthermore, these standards and procedures were not applied equally to all County employees.

16. At the time of Plaintiff's termination, Plaintiff Holt was not given the opportunity to address his concerns of his wrongful discipline and the hostility he was subjected to while employed with Ada County in either a pre-deprivation hearing or post-deprivation hearing.

## COUNT I
## VIOLATION OF PROCEDURAL DUE PROCESS – 42 U.S.C. § 1983

17. Plaintiff Holt restates herein allegations contained in paragraphs 1 through 14 as if

fully incorporated herein.

18. Plaintiff Holt had a property interest in his employment with Ada County.

19. Plaintiff Holt had a right under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 13 of the Idaho Constitution to procedural due process, which included a pre-termination hearing and/or a post-termination hearing.

20. Defendant County violated Plaintiff's procedural due process rights by failing to provide a pre-termination hearing and/or failing to provide a post-termination procedure with an impartial decision-maker.

21. Both Ada County and its employees are persons within the meaning of 42 U.S.C. § 1983.

22. As a result of the actions and inactions of Ada County, Plaintiff Holt has incurred damages in the form of past and future pay, emotional distress, reduction of his employee benefit package, health benefits, reduction of his retirement benefits, out of pocket expenses, attorney fees, loss of reputation, loss of career track damages, all in an amount to be proven at trial.

## COUNT II
## VIOLATION OF SUBSTANTIVE DUE PROCESS – 42 U.S.C. § 1983

23. Plaintiff restates herein the allegations contained in paragraphs 1 through 20 as if fully incorporated herein.

24. Ada County terminated Plaintiff Holt's employment.

25. Upon information and belief, the decisions of Ada County were made without just cause, in an arbitrary manner, and lacked a rational basis, contrary to the existing policies and procedures regulating Plaintiff Holt's employment that he only be terminated for cause.

26. By terminating Plaintiff in the manner described, Defendants acted arbitrarily and capriciously, egregiously violated Ada County policies and procedures, deprived Plaintiff of his

procedural due process rights, and stripped Plaintiff Holt from the continuing enjoyment of his protected property interests.

27. Ada County and its agents' behavior was so egregious that is shocks the conscious and/or was done in bad faith.

28. In acting to cause Plaintiff Holt to lose his job, Ada County and its agents acted under the color of state law.

29. As a result of the above described actions and inactions of Ada County and its employees, Plaintiff Holt's federally protected property interest in his position of employment was violated without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

30. As a result of the actions and inactions of Ada County and its agents, Plaintiff Holt has incurred damages in the form of past and future pay, emotional distress, health benefits, out of pocket expenses, loss of career track damages, all in an amount to be proven at trial.

## COUNT III
### (*Negligent Infliction of Emotional Distress*)

31. Plaintiff restates herein the allegations contained in paragraphs 1 through 28 as if fully incorporated herein.

32. On or about August 18, 2017, Defendant County had a duty to exercise ordinary care to prevent unreasonable, foreseeable risks of harm to Plaintiff Holt.

33. The spontaneous termination of Plaintiff Holt without notice or an appropriate due process hearing was a breach of that duty, which, as a direct and proximate result of the wrongful acts of Defendant, caused Plaintiff severe emotional distress thereafter. These emotional injuries expressed themselves through physical manifestations of emotional distress.

34. As a result of Defendant County's negligence, Plaintiff Holt has incurred special